# The Lawyers' Fund for Client Protection
### of the State of New York
119 Washington Avenue • Albany, New York 12210
Telephone: 518/434-1935 • 800/442-FUND • Fax: 518/434-5641
www.nylawfund.org

## MISC 16-2310
August 24, 2016

**Board of Trustees**
Eric A. Seiff,
*Chairman*
Anthony J. Baynes
Peter A. Bellacosa
Nancy Burner
Stuart M. Cohen
Patricia L. Gatling
Charlotte G. Holstein

Timothy J. O'Sullivan,
*Executive Director*

Michael J. Knight,
*Deputy Counsel*

Ray Wood,
*Investigator*

Hon. Douglas C. Palmer
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   SEP 1 5 2016

BROOKLYN OFFICE

RE:   United State of America v.
      Steven H. Dickman

Dear Mr. Palmer:

I enclose for filing a an assignment of judgment executed by Kim McIntosh and Gordon McIntosh, Assignors, in favor of the Lawyers' Fund for Client Protection.

The Lawyers' Fund is a New York State agency and is thus exempt from any statutory filing fees pursuant to section 8017 (a) of the Civil Practice Law and Rules. I enclose my affidavit attesting to this.

Please stamp and return the enclosed duplicate copy of the assignment of judgment in the enclosed pre-addressed stamped envelope.

In addition, kindly provide three transcripts of judgments for each assignment for filing with other counties.

Thank you in advance for your cooperation.

Very truly yours,

Michael J. Knight
Deputy Counsel

MJK/hrt
Enclosures



STATE OF NEW YORK

COUNTY OF ALBANY

**MISC 16-2310**

AFFIDAVIT

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   SEP 1 5 2016   ☆

BROOKLYN OFFICE

I, MICHAEL J. KNIGHT, Deputy Counsel to the Lawyers' Fund for Client Protection of the State of New York, hereby attests under the penalty of perjury;

That the Lawyers' Fund for Client Protection of the State of New York, located at 119 Washington A venue, Albany, New York, 12210, is an agency of the State of New York established by section 97-t of the New York State Finance Law;

That as an agency of the State of New York, the Lawyers' Fund for Client Protection is exempt from any statutory filing fees pursuant to section 8017(a) of the Civil Practice Law and Rules of New York State.

Dated: _8/24/16_

_Michael J. Knight_
Michael J. Knight, Deputy Counsel
Lawyers' Fund for Client Protection
Of the State of New York
119 Washington Avenue
Albany, New York   12210

STATE OF NEW YORK   )
                     )ss:
COUNTY OF ALBANY     )

On the _24th_ day of _AUGUST_ in the year 2016, before me, the undersigned, a Notary Public in and for said State, personally appeared Michael J. Knight, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_Jahnel Kaczor_
Notary Public

JAHNEL KACZOR
Notary Public, State of New York
No. 01KA5050101
Qualified in Albany County
Commission Expires Oct. 2, 20__

JAHNEL KACZUR
Notary Public, State of New York
No. 01KA3080101
Qualified in Albany County
Commission Expires Oct. 2, 30__

# MISC 16-2310

United States District Court
Eastern District of New York
State of New York

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   SEP 15 2016   ★

BROOKLYN OFFICE

------------------------------------

United States of America,

    - against -

Steven H. Dickman,
         Defendant

------------------------------------

Assignment of Judgment
Index #: 62N/15

    AGREEMENT made as of the 21st day of JUNE, 2016 between Kim and Gordon McIntosh, Assignors, and The Lawyers' Fund For Client Protection Of The State of New York, Assignee, located at 119 Washington Avenue, Albany, New York 12210.

    WHEREAS, on the 11th day of January, 2016, judgment was entered in the United States District Court, Eastern District of New York in favor of the Assignors, and against Steven H. Dickman in the sum of $7,000.

    Now, therefore, in consideration of $4,000 dollars, paid to the Assignors, the Assignors assign to the Assignee the said judgment.

    The Assignors irrevocably appoint the Assignee their attorney, with power of substitution and revocation, to ask, demand and receive, and to sue out executions, and take all lawful ways for the recovery of the money due or to become due on said judgment; and, on payment, to acknowledge satisfaction or discharge of the same.

    The Assignors covenant that there is now due on the said judgment the sum of $7,000 dollars; that they will not release nor discharge the said judgment, and that said judgment is free from attorney's liens.

    In Witness Whereof, the Assignors has executed this Agreement as of the date first written above.

_____
Kim McIntosh, Assignor

_____
Gordon McIntosh, Assignor

(The Assignors must have the Acknowledgment on the reverse side completed by a Notary Public.)

```
WARNING:  Acknowledgment must be fully completed to be effective.

          You must insert name of the person appearing before you, date,
          and County
```

## ACKNOWLEDGMENT
*(for use within the State of New York )*

STATE OF NEW YORK      )
                      )ss.:

COUNTY OF _QUEENS_  )

On the _21st_ day of _JUNE_ in the year 20_16_, before me, the undersigned, a Notary Public in and for said State, personally appeared : _KIM HAMILTON - MCINTOSH / GORDON MCINTOSH_ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

COLIN ANDREW CORRICA
NOTARY PUBLIC, STATE OF NEW YORK
NO.01CO5040018
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES MARCH 6, 20_19_

_____
Notary Public

## ACKNOWLEDGMENT
*(for use outside the State of New York)*

STATE OF _____)
                           )ss.:

COUNTY OF _____)

On the _____ day of _____ in the year 20___, before me, the undersigned, a Notary Public in and for said State, personally appeared : _____
_____ ,
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in _____

*(Insert city or political subdivision and state or county or other place acknowledgment taken).*

_____
*(Signature and office of individual taking acknowledgment)*

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

STEVEN H. DICKMAN,

        Defendant.

- - - - - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ JAN 1 1 2016 ★

BROOKLYN OFFICE

RESTITUTION ORDER

14-CR-610 (ARR)

# MISC 16-2310



BROOKLYN OFFICE
★ SEP 15 2016 ★
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

       As part of the sentence imposed in the above-captioned case on defendant STEVEN H. DICKMAN it is hereby ORDERED, as follows:

1.    The defendant shall pay restitution to the victims of the offense of conviction, see 18 U.S.C. §§3663, 3663A(a)(2), in the amount of $234,745.

2.    This restitution order is a lien in favor of the United States on all property and rights to property of the defendant, as provided in 18 U.S.C. § 3613(c). The liability to pay the restitution shall terminate as provided by 18 U.S.C. § 3613(b). See also 18 U.S.C. § 3613(f).

3.    The court finds that no service provided by defendant to his victims lessens the actual loss they suffered, insofar as defendant's crime of conviction for wire fraud is premised solely on his misrepresentation of his identity as an attorney. Defendant has not challenged the amount of any victim's losses. The names of the victims to whom restitution is owed and the amount of actual losses sustained by each victim are as follows:

|   | VICTIM | RESTITUTION |
|---|--------|-------------|
| 1 | Azaria, Shlomo | $12,210 |
| 2 | Bangiyer, Boris | $10,000 |
| 3 | Bromberg, Alexander | $3,150 |

| 4 | Grinshpon, Alla | $27,476 |
|----|-------------------------|----------|
| 5 | Gruner, Jonathan | $10,000 |
| 6 | Gundareva, Natalya | $5,217 |
| 7 | Heisler, Daniel | $63,603 |
| 8 | Ippolitov, Inna | $10,350 |
| 9 | Ippolitov, Sergey | $7,000 |
| 10 | Klimenko, Valentin | $32,227 |
| 11 | Lee, Galina | $2,217 |
| 12 | Marks, Kamara | $1,500 |
| 13 | McIntosh, Kim & Gordon | $7,000 |
| 14 | Mehany, Magdy | $4,650 |
| 15 | Nelson, Jean Max | $8,000 |
| 16 | Ripa, Boris | $5,600 |
| 17 | Roberts, Shirley | $9,545 |
| 18 | Sadikov, Emmanuil | $15,000 |
| | TOTAL | $234,745 |

The addresses of each of these victims are on file with the United States Probation Department.

    4.    To the extent that the restitution remains unpaid:

        a.  While incarcerated, the defendant shall pay, through the Bureau of

Prison's Inmate Financial Responsibility Program, $25.00 per quarter, or 50% of the defendant's monthly prison pay earned per quarter, whichever is greater; and

b.  While under the supervision of the United States Probation Office, the defendant shall pay at least 25% of his net monthly income.

The amounts set forth in subparagraphs a. and b. above are subject to subsequent revision by the court as provided by 18 U.S.C. § 3664(k).

5.  The defendant shall notify the court and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. See 18 U.S.C. § 3664(k).  In addition, as a condition of supervised release, the defendant shall make complete and periodic financial disclosure as directed by the court in consultation with United States Probation Department.

6.  If the defendant knowingly fails to pay the restitution required by this Order or by law he will be subject to one or more of the actions permitted by 18 U.S.C. §§ 3613A (Effect of Default) including re-sentencing pursuant to 18U.S.C. § 3614. See also 18 U.S.C. § 3615 (Criminal Default).

7.  Payment of the restitution shall be made to the Clerk of the Court for the Eastern District of New York.  Any restitution funds paid by the defendant pursuant to this Order shall be distributed by the Clerk of the Court to each victim identified above, following a pro rata distribution.

8.  This Order is entered after the court has fully considered the factors set forth in 18 U.S.C. §§3663 and 3664 that are applicable to this defendant.

9.  This Order is part of the sentence and shall be included in the judgment.

Dated:       Brooklyn, New York
             January 8  , 2016

                                        /s/(ARR)

                                        HON. ALLYNE R. ROSS
                                        UNITED STATES DISTRICT JUDGE
                                        EASTERN DISTRICT OF NEW YORK